**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Vernon D. Ackridge |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Pennsylvania |
| Case number | 1910548 |

Official Form 410S1

# Amended Notice of Mortgage Payment Change    12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due.** See Bankruptcy Rule 3002.1.

**Name of creditor:** Wells Fargo Bank, N.A.

**Court claim no.** (if known): 5-1

**Date of payment change:**
Must be at least 21 days after date of this notice: 12/01/2021

**New total payment:**
Principal, interest, and escrow, if any: $ 1538.29

**Last 4 digits** of any number you use to identify the debtor's account: 3 2 2 9

## Part 1: Escrow Account Payment Adjustment

1. **Will there be a change in the debtor's escrow account payment?**

   ☒ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:

   **Current escrow payment:** $ _____     **New escrow payment:** $ _____

## Part 2: Mortgage Payment Adjustment

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☒ No
   ☐ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:

   **Current interest rate:** _____ %     **New interest rate:** _____ %

   **Current principal and interest payment:** $ _____     **New principal and interest payment:** $ _____

## Part 3: Other Payment Change

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☐ No
   ☒ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (*Court approval may be required before the payment change can take effect.*)
   Reason for change:
   Payment change resulting from a completed modification agreement.

   **Current mortgage payment:** $ 1771.28     **New mortgage payment:** $ 1538.29

Official Form 410S1    **Notice of Mortgage Payment Change**    page 1

| Part 4: | Sign Here |

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☑ I am the creditor.

☐ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ /s/Mikiya Ratliff
Signature

Date 11/24/2021

Print: Ratliff, Mikiya
       First Name   Middle Name   Last Name

Title: VP Loan Documentation

Company: Wells Fargo Bank, N.A.

Address: MAC N9286-01Y
         Number        Street
         P.O. Box 1629
         Address 2
         Minneapolis         MN      55440-9790
         City                State   ZIP Code

Contact phone 800-274-7025

Email: NoticeOfPaymentChangeInquiries@wellsfargo.com

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

Chapter 13 No. 1910548
Judge: Magdeline D. Coleman

In re:
Vernon D. Ackridge

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that this Notice, including all attachments, is being served on or before November 26, 2021 via filing with the US Bankruptcy Court's CM ECF system or by mailing or providing a copy of this document to a vendor for mailing: By U.S. Postal Service First Class Main Postage Prepaid or FedEx.

Debtor:    By U.S. Postal Service First Class Mail Postage Prepaid or FedEx

Vernon D. Ackridge
8124 Hawthorne Lane

Elkins Park PA 19027


By U.S. Postal Service First Class Mail Postage Prepaid or FedEx

N/A


Debtor's Attorney:    By Court's CM/ECF system registered email address

JOHN EVERETT COOK
The Law Offices of Everett Cook, P.C.
1605 N. Cedar Crest Blvd Suite 520

Allentown PA 18194


By Court's CM/ECF system registered email address

JOHN EVERETT COOK
The Law Offices of Everett Cook, P.C.
1605 N. Cedar Crest Blvd., Suite 520

Allentown PA 18104


Trustee:    By Court's CM/ECF system registered email address

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813

Philadelphia PA 19107

/s/Mikiya Ratliff
_____
VP Loan Documentation
Wells Fargo Bank, N.A.

This Document Prepared By:
**JYOTHI BOGGULA**
**WELLS FARGO BANK, N.A.**
**1 HOME CAMPUS**
**DES MOINES, IA 50328**
**(800) 416-1472**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO.**
**FAMS – DTO RECORDING**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA  92707-9991**

Tax/Parcel #:  13825-00-4

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: **$137,600.00**     Investor Loan No.████
Unpaid Principal Amount: **$65,399.13**        Loan No: ████
New Principal Amount: **$109,891.29**
Total Cap Amount: **$44,492.16**

## LOAN MODIFICATION AGREEMENT (MORTGAGE)

Executed on this day: **OCTOBER 4, 2021**
Borrower ("I")[1]: **VERNON D. ACKRIDGE**
Borrower Mailing Address: **PO BOX 38262, PHILADELPHIA, PA  19140**
Lender or Servicer ("Lender"): **WELLS FARGO BANK, N.A. S/B/M WELLS FARGO BANK SOUTHWEST, N.A., F/K/A WACHOVIA MORTGAGE, FSB F/K/A WORLD**

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I" or "my") shall include the plural (such as "we" or "our") and vice versa where appropriate.

Wells Fargo Custom Non HAMP 08232021_368

**SAVINGS BANK, FSB**
Lender or Servicer Address: **1 HOME CAMPUS, DES MOINES, IA 50328**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") **OCTOBER 20, 2000** and the Note ("Note") date of **OCTOBER 20, 2000 and Recorded on OCTOBER 30, 2000 in BOOK 8805  PAGE 0230, of the OFFICIAL Records of MONTGOMERY COUNTY, PENNSYLVANIA**
Property Address ("Property"): **8124 HAWTHORNE LANE, CHELTENHAM TOWNSHIP, PENNSYLVANIA 19027**

Legal Description:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**


This Loan Modification Agreement ("Agreement") is made on **OCTOBER 4, 2021** by and between Borrower, as obligor(s), or as title holder(s) to the Property, as the context may require, and Lender. Borrower's obligations under the Note are secured by a properly recorded Mortgage, dated the same date as the Note encumbering the Property. Borrower agrees that, except as expressly modified in this Agreement, the Note and the Mortgage remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the Property.

If my representations in Section 1, Borrower Representations, continue to be true in all material respects, then this Agreement will amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are hereafter referred to as the "Loan Documents" Capitalized terms used in this Agreement and not defined have the meaning given to them in the Loan Documents.

In consideration of the covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed as follows (notwithstanding anything to the contrary in the Loan Documents).

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement.

Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Loan Documents. Further, except as otherwise specifically provided in this Agreement, the Loan Documents will remain unchanged, and Borrower and Lender will be bound by, and shall comply with, all of the

Wells Fargo Custom Non HAMP 08232021_368

terms and provisions thereof, as amended by this Agreement:

1. **Borrower Representations.**

   I certify, represent to Lender and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and/or (ii) I do not have sufficient income or access to sufficient liquid assets to make the mortgage payments now or in the near future; I did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification;

   B. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the modification, are true and correct;

   C. If Lender requires me to obtain credit counseling in connection with the modification, I will do so;

   D. I have made or will make all payments required within this modification process;

   E. In consideration of the covenants hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is agreed as follows (notwithstanding anything to the contrary in the Loan Documents).

   F. Borrower filed for relief under Chapter **13** of the United States Bankruptcy Code on **JANUARY 29, 2019.**

   G. This agreement is only valid once consent of the United States Bankruptcy Court or other applicable approval to modify this mortgage is received.

   H. Prior to filing for relief under the United States Bankruptcy Code, Borrower agreed to repay the above referenced loan pursuant to the Loan Documents between Lender and Borrower. Such agreement granted Lender a valid security interest and an enforceable lien on the property securing the loan.

   I. Notwithstanding anything to the contrary contained in this Agreement, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Loan Documents under appropriate circumstances. Borrower and Lender agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Loan Documents as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.



J. Borrower desires to retain the Property securing the Note, and acknowledges that Lender's security interest and lien are still valid and enforceable.

K. Borrower acknowledges and understands that he/she is not obligated to enter into this Agreement, and that he/she is entering into this Agreement at Borrower's request, voluntarily and with no coercion or pressure from Lender, for the sole purpose of retaining the Property.

2. **The Modification**.

A. The modified principal balance of the Note will include amounts and arrearages that will be past due as of the Modification Effective Date (which may include unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, valuation, property preservation, and other charges not permitted under the terms of this modification, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the modified loan. The new principal balance of the Note will be **$109,891.29** (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

B. **$44,492.16** of the New Principal Balance shall be deferred (the "Deferred Balance") and will be treated as a non-interest bearing principal forbearance. I will not pay interest or make monthly payments on the Deferred Balance. The New Principal Balance less the Deferred Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$65,399.13**. Interest at the rate of **2.8750%** will begin to accrue on the Interest Bearing Principal Balance as of **NOVEMBER 1, 2021** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **DECEMBER 1, 2021**. Interest due on each monthly payment will be calculated by multiplying the Interest Bearing Principal Balance and the interest rate in effect at the time of calculation and dividing the result by twelve (12). The payment schedule for the modified Loan is as follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 240 | 2.8750% | 11/01/2021 | $358.62 | $1,179.67 | $1,538.29 | 12/01/2021 |

**\* After the modification is complete, escrow payments adjust at least annually**

Wells Fargo Custom Non HAMP 08232021_368

Page 4

**in accordance with applicable law; therefore, the total monthly payment may change accordingly.**

The above terms shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

Borrower agrees to pay in full the Deferred Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date an interest in the Property is sold or transferred, (ii) the date on which the entire Interest Bearing Principal Balance is paid off, or (iii) the Maturity Date.

Borrower agrees that any partial prepayments of Principal may be applied at Lender's discretion first to any Deferred Balance before applying such partial prepayment to other amounts due.

**Notice to Borrower:** The Deferred Balance will result in a lump sum payment due at the time of loan maturity or earlier upon payoff of the loan. If the Borrower does not have the funds to pay the lump sum payment when it comes due, the Borrower may have to obtain a new loan against the property. In that case, the Borrower may have to pay commissions, fees, and expenses for the arranging of the new loan. In addition, if the Borrower is unable to make the monthly payments or the lump sum payment, the Borrower may lose the property and all equity through foreclosure. Keep this in mind in deciding upon this modification. The lump sum payment on this loan is due **NOVEMBER 1, 2041** or upon earlier payoff of the loan.

3. **Loan Modification Terms.**

   This Agreement hereby modifies the following terms of the Loan Documents as described herein above as follows:

   A. The current contractual due date has been changed from **JUNE 15, 2019** to **DECEMBER 1, 2021**. The first modified contractual due date is **DECEMBER 1, 2021**.

   B. The maturity date is **NOVEMBER 1, 2041**.

   C. The amount of Recoverable Expenses* to be deferred will be U.S. **$6,499.86**.

   *Recoverable Expenses may include, but are not limited to: Title, Attorney

Wells Fargo Custom Non HAMP 08232021_368



fees/costs, BPO/Appraisal, and/or Property Preservation/Property Inspections.

D. Lender will forgive outstanding Other Fees U.S. **$0.00**.

E. Lender will forgive outstanding NSF Fees U.S. **$0.00**.

F. Lender agrees to waive all unpaid Late Charges in the amount of U.S. **$703.27**.

G. The amount of interest to be included (deferred) will be U.S. **$5,945.12**.

H. The amount of the Escrow Advance to be deferred will be U.S. **$37,992.30**.

I. The due date may have changed with this modification if the Borrower's original Note did not reflect the first day of the month. The new due date is **DECEMBER 1, 2021** and the maturity date is **NOVEMBER 1, 2041**.

4. **Additional Agreements**.

I agree to the following:

A. If applicable, the Note may contain provisions allowing for changes in the interest rate and the monthly payment. The Note limits the amount the Borrower's interest rate can change at any one time and the maximum rate the Borrowers must pay.

B. If a biweekly loan, the Loan will convert to a monthly payment schedule. References in the Loan Documents to "biweekly," "every two weeks," and "every other Monday" shall be read as "monthly," except as it relates to the Modified Maturity Date. Interest will be charged on a 360-day year, divided into twelve (12) segments. Interest charged at all other times will be computed by multiplying the interest bearing principal balance by the interest rate, dividing the result by 365, and then multiplying that daily interest amount by the actual number of days for which interest is then due. As part of the conversion from biweekly to monthly payments, any automatic withdrawal of payments (auto drafting) in effect with Lender for the Loan are cancelled.

C. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums

payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.E. I shall pay Lender the Funds for Escrow Items unless Lender waives the obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. The obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and Agreement contained in the Loan Documents, as the phrase "covenant and Agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.E.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the

Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

D. That the mortgage insurance premiums on the loan, if applicable, may increase as a result of the modification of the loan which may result in a higher total monthly payment. Furthermore, the cancellation date, termination date, or final termination of the private mortgage insurance may be recalculated to reflect the modified terms and conditions of the loan.

E. If the Borrowers balance has been reduced as a result of this new Agreement, it is understood that any credit life, accident and health, and involuntary unemployment insurance written in connection with this loan has been cancelled, and that any refund of unearned premiums or charges made because of the cancellation of such credit insurance is reflected in the amount due under this Agreement. ***Exception:*** In the state of California, Life, A&H, and IUI insurance must be cancelled, with refunds applied to the account prior to entry of the settlement transaction, even though there is no reduction in balance as part of the settlement.

F. If this loan has "Monthly Add-On Premium" Credit Life or Credit Accident & Health Insurance coverage, it is understood and agreed that the Borrowers acceptance of this Agreement will result in the cancellation of the above-mentioned insurances.

G. If the Borrower's home owners insurance should lapse, **Wells Fargo Home Mortgage** reserves the right to place Lender Placed Insurance (LPI) on the account. If LPI is placed on the account the monthly payment could increase. All other terms of the modification Agreement will not be affected by the LPI and will remain in effect with accordance to this Agreement.

H. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold

Wells Fargo Custom Non HAMP 08232021_368

Page 8

or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Loan Documents. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Loan Documents. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Loan Documents without further notice or demand on Borrower.

I. If Borrower has a pay option adjustable rate mortgage Loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for the modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan.

J. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the 1-4 Family Modification Agreement Rider Assignment of Rents.

K. If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Notice of Special Flood Hazard disclosure.

L. CORRECTION AGREEMENT: The undersigned Borrower(s), for and in consideration of the approval, closing and funding of this Modification, hereby grants **Wells Fargo Home Mortgage**, as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Modification Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this Agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 180 days from the closing date of the undersigned's Modification, or the date any and all documents that the lender requires to be recorded have been successfully recorded at the appropriate office, whichever is later. Borrower agrees to make and execute such other documents or papers as necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to their heirs, executors, administrators, and assigns of the Borrower.

M. If the Borrower's Loan is currently in foreclosure, the Lender will attempt to suspend or cancel the foreclosure action upon receipt of the first payment according to this Agreement. Lender agrees to suspend further collection efforts as long as Borrowers continue making the required payments under this Agreement.

N. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

O. This Agreement shall supersede the terms of any modification, forbearance, trial period plan or other mortgage assistance that the Borrower previously entered into with Lender.

P. In cases where the Loan has been registered with Mortgagee who has only legal title to the interests granted by the Borrower in the Loan Documents, Mortgagee has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property and to take any action required of Lender including, but not limited to, releasing and canceling the Loan.

Q. If the Loan Documents govern a home equity loan or line of credit, then Borrower agrees that as of the Modification Effective Date, the right to borrow new funds under the home equity loan or line of credit is terminated. This means that Borrower cannot obtain additional advances and must make payments according to this Agreement. Lender may have previously terminated or suspended the right to obtain additional advances under the home equity loan or line of credit, and if so, Borrower confirms and acknowledges that no additional advances may be obtained.

R. Unless this Agreement is executed without alteration and is signed and returned along with the following documents with the payment, if required, within 15 days from the date of this letter in the enclosed, prepaid overnight envelope, it will be of no force or effect and the Loan will remain subject to all existing terms and conditions provided in the Loan Documents. Upon receipt of a properly executed Agreement, this Agreement will become effective on **NOVEMBER 1, 2021**.

S. I agree that this Agreement will be null and void if the Lender is unable to receive all necessary title endorsement(s), title insurance product(s) and/ or subordination Agreement(s).

T.  Borrower must deliver to **Wells Fargo Home Mortgage** a properly signed modification Agreement by **OCTOBER 20, 2021**. If Borrower does not return a properly signed modification Agreement by this date and make all payments pursuant to the trial plan Agreement or any other required pre-modification payments, **Wells Fargo Home Mortgage** may deny or cancel the modification. If the Borrower returns properly signed modification Agreement by said date, payments pursuant to the loan modification Agreement are due as outlined in this modification Agreement. **Wells Fargo Home Mortgage** may deny or cancel this loan modification Agreement if Borrower fails to make the first payment due pursuant to this loan modification Agreement.

**All Borrowers are required to sign and date this Agreement in blue or black ink only as the borrowers' name appears below. If signed using any other color or method, the document will not be accepted and another copy of the Agreement will be sent to the Borrower to be signed.**

**By signing below, all Borrowers certify they have read this Agreement in its entirety, that all Borrowers know and understand the meaning and intent of this Agreement and that all Borrowers enter into this Agreement knowingly and voluntarily. By signing below, all Borrowers agree to all terms and conditions described on every page of this Agreement.**

In Witness Whereof, I have executed this Agreement.

_____    10-29-21
Borrower: **VERNON D. ACKRIDGE**    Date

## BORROWER ACKNOWLEDGMENT

STATE OF ___Pennsylv___

COUNTY OF ___Philadelph___

On this, the __24__ day of __October__, __2021__, before me __Rodney A Daye__, the undersigned officer, personally appeared **VERNON D. ACKRIDGE**, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal

_____
Notary Public

Printed Name: __Rodney A Daye__

My commission expires: __10/26/24__

>   Commonwealth of Pennsylvania - Notary Seal
>   RODNEY A DAYE - Notary Public
>   Philadelphia County
>   My Commission Expires October 26, 2024
>   Commission Number 1377290

Wells Fargo Custom Non HAMP 08232021_368
Page 12

In Witness Whereof, the Lender has executed this Agreement.

**WELLS FARGO BANK, N.A. S/B/M WELLS FARGO BANK SOUTHWEST, N.A., F/K/A WACHOVIA MORTGAGE, FSB F/K/A WORLD SAVINGS BANK, FSB**

By: (print name) Naeem S M Ayub    _sign_ 11-22-2021
(title) Vice President Loan Documentation    (sign)    Date

_____ [Space Below This Line for Acknowledgments] _____

**LENDER ACKNOWLEDGMENT**

STATE OF _Minnesota_
COUNTY OF _Ramsey_

This instrument was acknowledged before me

_November 22nd, 2021_ (date) by _Naeem SM Ayub_

(name(s) of person(s)) as **Vice President Loan Documentation** (type of authority, e.g., officer, trustee, etc.) of **WELLS FARGO BANK, N.A. S/B/M WELLS FARGO BANK SOUTHWEST, N.A., F/K/A WACHOVIA MORTGAGE, FSB F/K/A WORLD SAVINGS BANK, FSB** (name of party on behalf of whom the instrument was executed).

_____
Notary Public

Printed Name: CYNTHIA ANN GERWIG
My Commission Expires:
JAN 3 1 2024

[Notary Seal: CYNTHIA ANN GERWIG, Notary Public-Minnesota, My Commission Expires Jan 31, 2024]

**EXHIBIT A**

BORROWER(S): VERNON D. ACKRIDGE

LOAN NUMBER: (scan barcode)

LEGAL DESCRIPTION:

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE TOWNSHIP OF CHELTENHAM, COUNTY OF MONTGOMERY AND STATE OF PENNSYLVANIA, AND DESCRIBED AS FOLLOWS:

DESCRIBED ACCORDING TO A CERTAIN PLAN THEREOF KNOWN AS PLAN SUBDIVISION MADE FOR ARTHUR J. SCHWARTZ, INC., BY BOUCHER AND JAMES, INC., ENGINEERS, SAID PLAN BEING RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS FOR MONTGOMERY COUNTY, NORRISTOWN, PENNSYLVANIA ON 4/2/1964 IN PLAN BOOK B-9 PAGE 61, AS FOLLOWS, TO WIT:

BEGINNING AT A POINT ON THE NORTHWESTERLY SIDE OF A CUL-DE-SAC (OF IRREGULAR WIDTH) AT THE END OF HAWTHORNE LANE SAID POINT BEING THE 4 FOLLOWING COURSES AND DISTANCES FROM A POINT OF REVERSE CURVE ON THE NORTHEASTERLY SIDE OF CHURCH ROAD (60 FEET WIDE) (1) LEAVING CHURCH ROAD ON THE ARC OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 20.00 FEET THE ARC DISTANCE OF 28.77 FEET TO A POINT OF TANGENT ON THE NORTHWESTERLY SIDE OF HAWTHORNE LANE (50 FEET WIDE)(2) NORTHEASTWARDLY ALONG THE NORTHWESTERLY SIDE OF HAWTHORNE LANE 251.21 FEET TO A POINT OF CURVE ON THE SAME (3) NORTHEASTWARDLY AND NORTHWARDLY PARTLY ALONG THE NORTHWESTERLY AND WESTERLY SIDES OF THE AFORESAID CUL-DE- SAC ON THE ARC OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 30.0 FEET THE ARC DISTANCE OF 24.38 FEET TO A POINT REVERSE CURVE ON THE SAME; AND (4) NORTHWARDLY AND NORTHEASTWARDLY PARTLY ALONG THE WESTERLY AND NORTHWESTERLY SIDES OF THE AFORESAID CUL- DE-SAC ON THE ARC OF A CIRCLE CURVING TO THE RIGHT HAVING A RADIUS OF 50.00 FEET THE ARC DISTANCE OF 67.61 FEET TO THE POINT OF BEGINNING; THENCE EXTENDING FROM SAID POINT OF BEGINNING NORTH 16 DEGREES 16 MINUTES WEST 201.03 FEET TO A POINT; THENCE EXTENDING SOUTH 51 DEGREES 58 MINUTES EAST 216.12 FEET TO A POINT; THENCE EXTENDING SOUTH 51 DEGREES 58 MINUTES EAST 216.12 FEET TO A POINT; THENCE EXTENDING SOUTH 42 DEGREES 49 MINUTES WEST 97.00 FEET TO A POINT ON THE NORTHEASTERLY SIDE OF THE AFORESAID CUL-DE-SAC; THENCE EXTENDING NORTHWESTWARDLY AND SOUTHWESTWARDLY PARTLY ALONG THE NORTHEASTERLY AND NORTHWESTERLY SIDES OF THE AFORESAID CUL-DE-SAC ON THE ARC OF A CIRCLE CURVING TO THE LEFT HAVING A RADIUS OF 50.0 FEET THE ARC DISTANCE OF 51.56 FEET TO THE FIRST MENTIONED POINT AND PLACE OF BEGINNING.

BEING LOT NUMBER 8 AS SHOWN ON THE ABOVE MENTIONED PLAN.

**ALSO KNOWN AS: 8124 HAWTHORNE LANE, CHELTENHAM TOWNSHIP, PENNSYLVANIA 19027**

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
LOAN MODIFICATION AGREEMENT (MORTGAGE)

## BETWEEN:
VERNON D. ACKRIDGE (assignor/Mortgagor/grantor)

## AND:
WELLS FARGO BANK, N.A. S/B/M WELLS FARGO BANK SOUTHWEST, N.A., F/K/A WACHOVIA MORTGAGE, FSB F/K/A WORLD SAVINGS BANK, FSB (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
WELLS FARGO BANK, N.A. S/B/M WELLS FARGO BANK SOUTHWEST, N.A., F/K/A WACHOVIA MORTGAGE, FSB F/K/A WORLD SAVINGS BANK, FSB
1 HOME CAMPUS
DES MOINES, IA 50328

*By:* ___[signature]___ 11-22-2021

*Print Name:* Naeem S M Ayub
Vice President Loan Documentation

*Title:* _____